[No. 7379.   Decided November 18, 1908.]

THE STATE OF WASHINGTON, *Respondent*, v. B. C. POLLMAN, *Appellant*.[1]

PHYSICIANS AND SURGEONS—LICENSE—OFFENSES—WHAT CONSTITUTES PRACTICING—ADVERTISING AS "DR."—STATUTES—CONSTRUCTION. It is competent for the legislature to prohibit advertisement or the use of the words "Physician" and "Doctor" without first securing a license as a physician, and to provide that such use shall constitute "practicing medicine"; and it is immaterial that the words were used in connection with "Osteopathic and Magnetic" or "Drugless", or that the abbreviation "Dr." was employed in place of "Doctor."

STATUTES—TITLE AND SUBJECTS—SUFFICIENCY. The title to an act to regulate the practice of medicine and surgery is sufficiently broad to include provisions making it unlawful for an unlicensed person to call or advertise himself as "Physician" or "Doctor."

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered December 30, 1907, upon a trial and conviction of the offense of practicing medicine without a license. Affirmed.

*Fairchild & Bruce*, for appellant, contended that the title of the act is not sufficiently broad to include the offense charged. Cooley, Constitutional Limitations (5th ed.), 434; *State v. Carey*, 4 Wash. 424, 30 Pac. 729; *Ritchie v. People*, 155 Ill. 98, 40 N. E. 454, 46 Am. St. 315, 29 L. R. A. 79. It is not a proper subject of police regulation. In *re Jacobs*, 98 N. Y. 98, 50 Am. Rep. 636; *Richie v. People, supra; Peo-*

[1] Reported in 98 Pac. 88.

*ple v. Gilson*, 109 N. Y. 389, 17 N. E. 343 ; *State v. Brown*, 37 Wash. 97, 79 Pac. 635, 107 Am. St. 798, 68 L. R. A. 889 ; *State v. Biggs*, 133 N. C. 729, 46 S. E. 401, 98 Am. St. 731, 64 L. R. A. 139. Advertising as a physician is not within the statutory prohibition, nor calculated to deceive the public. *Nelson v. State Board of Health*, 108 Ky. 769, 57 S. W. 501, 50 L. R. A. 383 ; *State v. Liffring*, 61 Ohio St. 39, 55 N. E. 168, 76 Am. St. 358, 46 L. R. A. 334 ; *State v. McKnight*, 131 N. C. 717, 42 S. E. 580, 59 L. R. A. 187 ; *Hayden v. State*, 81 Miss. 291, 33 South. 653, 95 Am. St. 471 ; *State v. Mylod*, 20 R. I. 632, 40 Atl. 753, 41 L. R. A. 428.

*Virgil Peringer, George Livesey*, and *Newman & Howard*, for respondent, contended that the phrases "practice of medicine" and "practice of surgery" are broad enough to include the offense charged. Webster's Dictionary ; 20 Am. & Eng. Ency. Law (2d ed.), 573 ; 22 Id. 780, 785 ; *Hewitt v. Charier*, 16 Pick. 353 ; *Parks v. State*, 159 Ind. 211, 64 N. E. 862, 59 L. R. A. 190 ; *Bragg v. State*, 134 Ala. 165, 32 South. 767, 58 L. R. A. 925 ; *People v. Allcutt*, 102 N. Y. Supp. 678. The state may rely on alleging and proving the one alternative, that of advertising. *State v. Carey*, 4 Wash. 424, 30 Pac. 729 ; *Hale v. State*, 58 Ohio St. 676, 51 N. E. 154. The practice of medicine or surgery without a license constitutes a misdemeanor. Laws 1901, p. 50 ; Bal. Code, § 3091 ; P. C. § 6289. The defendant's acts constituted practicing medicine and surgery. *Bragg v. State* and *People v. Allcutt, supra; State v. Heath*, 125 Iowa 585, 101 N. W. 429 ; *People v. Gordon*, 194 Ill. 560, 62 N. E. 858, 88 Am. St. 165 ; *O'Neil v. State*, 115 Tenn. 427, 90 S. W. 627, 3 L. R. A. (N. S.) 762 ; *State v. Wilhite*, 132 Iowa 226, 109 N. W. 730 ; *State v. Yegge*, 19 S. D. 234, 103 N. W. 17, 69 L. R. A. 504 ; *State v. Buswell*, 40 Neb. 158, 58 N. W. 728, 24 L. R. A. 68 ; *Parks v. State, supra; People v. Phippin*, 70 Mich. 6, 37 N. W. 888 ; *State v. Edmunds*, 127 Iowa

333, 101 N. W. 431; *Territory v. Newman* (N. M.), 79 Pac. 706.

FULLERTON, J.—The appellant, Pollman, was informed against for the crime of practicing medicine without a license, the information, omitting its title and verification, being as follows:

"In the name and by the authority of the state of Washington I, Vergil Peringer, prosecuting attorney of Whatcom county, state of Washington, come now here and give the court to understand and be informed and on oath do accuse B. C. Pollman of the crime of practicing medicine without a license, committed as follows:

"Then and there being the said defendant, B. C. Pollman, in the city of Bellingham, county of Whatcom, state of Washington, and on or about the 11th day of August, 1907, did unlawfully practice medicine in the state of Washington in form and manner as follows to wit:

"That then and there being the said B. C. Pollman did not possess, and had not obtained, a license, to practice medicine or surgery, or any of the branches of medicine or surgery, within the state of Washington, and had not filed such license, or any copy thereof, with the clerk of said Whatcom county; that without first having obtained such license the said B. C. Pollman did then and there have and maintain an office and place of business at rooms 21 and 22 in the Commercial building, in the city of Bellingham, Whatcom county, Washington, with his name and the abbreviation "Dr." and the word "Physician" in public view, and did then and there on a sign extending over the street from or near one of the windows of his office, then and there maintained by him, advertise the following, "Dr. B. C. Pollman, Magnetic and Osteopathic Institute," and did then and there on the door which opens off Holly street and leads upstairs into said Commercial building and to the said offices of said B. C. Pollman, advertise the following, "Dr. B. C. Pollman, Osteopathic and Magnetic Physician, office hours 9 to 12 a. m., 1 to 6, 7 to 8 p. m.;" and on the door of said room 22, said room being a part of said B. C. Pollman's office, did advertise the following: "Dr. B. C. Pollman, private office," and on the door of said room 21, same being a part of his office,

the said B. C. Pollman did advertise as follows: "Dr. B. C. Pollman, Reception Room, Walk In," and did on a tin sign over the door of room 21 advertise as follows: "Dr. B. C. Pollman," and did on the door leading to his private office advertise as follows: "Dr. B. C. Pollman, Osteopathic and Magnetic Physician."

"That the said B. C. Pollman did then and there claim to be able to cure many and various diseases and ailments, in- cluding spinal meningitis, lung and heart disease, ossified hand and wrist joints, female weakness, consumption, par-alysis, blood poisoning, chronic constipation, typhoid pneu-monia, chronic complicated diseases, nervous complications, organic diseases, apoplexy, rupture, diseases of the stomach and liver, and inflammation of the bladder, and did then and there assume and advertise the title of 'Dr.' and 'Physi-cian' in such a manner as to tend to show that he, the said B. C. Pollman, was and is a lawful practitioner of some of the branches of medicine and surgery, in such a manner as to convey the impression that he, the said B. C. Pollman, was and is a practitioner of medicine and surgery under the laws of the state of Washington, and did cause to be published in the Bellingham Herald, a daily newspaper of general circula-tion in the city of Bellingham and in the county of Whatcom, and in the state of Washington, an advertisement in words, figures and expressions as follows, to wit:

### DR. POLLMAN'S UNDENIABLE SUCCESS.
#### INVESTIGATE AND BE CONVINCED.

One thousand dollars offered to anyone who can prove of any fake testimonials published.

Here is a money-making proposition to anyone who is in doubt or skeptical of the ability and skill of Dr. Pollman, a drugless physician, at the Commercial house, East Holly street.

One thousand dollars is offered to anyone who is capable of verifying that the writer is publishing fake testimonials.

The public may cast away hate, prejudice, fear, worry and useless excitable talk over a perfect Drugless Science, which is one of the greatest discoveries to cure chronic and acute sufferers and is saving many precious lives which would otherwise have been lost by the old school of drugs.

### MANKIND IS ALWAYS DOUBTING.

Some years ago many doubted the power of steam to run a ship, locomotive, and so on; also the great unknown power of.

8—51 WASH.

electricity, which has puzzled many scientists and who are convinced today of an unlimited power in the future, which already now moves and operates trains, boats, telegraph, telephone and wireless telegraphy, etc., and all this new and scientific demonstrations and facts we have experienced in the last 60 years. Humanity has slumbered many years in ignorance, and were kept in such condition by some rulers and their professed religious creed until God strengthened the mind of humanity, liberated man from slavery and endowed him with sufficient power to exercise his own five physical senses by which he has gained the great power of thought, force and freedom of progression. The people are thinking for themselves now, and they all know that we are living in a progressive century.

The writer wishes to predict that the future will bring to you Drugless Doctoring and that in about fifteen years from now very little medicines will be used to cure diseases.

The people should wake up by this time and know that drugs is the power of deception by which so many are made to believe for many years that it should cure them, but finally consult a Drugless Physician, who effects a cure.

For spinal meningitis I would advise you to call on this Physician, who has cured nine (9) cases and not lost one patient.

Following names are from grateful patients cured of different diseases, and testifying in writing for the welfare of humanity:

### SWORN AFFIDAVITS ON FILE OF FOLLOWING NAMES PUBLISHED.

No. 1.—C. F. Wright, suffered for 8 years of complicated diseases. Cured.

No. 2.—Joseph Moore, suffered with lung and heart disease.

No. 3.—Mrs. J. J. Fox, cured of ossified hand and wrist joints.

No. 4.—Miss Emma Fritch, saved from a surgical operation for female weakness.

No. 5.—Rudolph Schott, cured of a hopeless case of consumption.

No. 6.—Mrs. Florence Stevens, cured of a hopeless case of paralysis.

No. 7.—M. A. Hillebrecht, cured of blood poisoning after surgical operations were performed.

No. 8.—Robert Oberlatz, cured of chronic constipation and heart disease of long standing.

No. 9.—J. E. Pearson's son cured of a hopeless case of typhoid pneumonia.

No. 10.—Mrs. F. L. Myers, cured of a chronic complicated disease.

No. 11.—J. A. Greyell, cured of nervous complications.

No. 12.—J. B. Johnson, pronounced incurable of consumption and other organic diseases, now cured.

No. 13.—John Davis, cured of apoplexy.

No. 14.—Mrs. and Mr. A. E. Morris' son, cured of rupture.

No. 15.—Aug. B. Miller, cured of injury from cut of axe after physicians failed to benefit.

No. 16.—J. C. Goodman, cured of stomach, liver and constipation troubles after six months' suffering.

No. 17.—Mr. and Mrs. R. Schurz's child, cured of a hopeless case of general complicated diseases.

No. 18.—Mrs. Catherine Crosby, cured of inflammation of bladder and constipation.          Dr. B. C. Pollman,
Commercial Hotel.

"That at said time and place the said B. C. Pollman was visited by sundry and divers persons, whose names are to the prosecuting attorney unknown, and said persons were then and there treated by said B. C. Pollman for the various maladies and diseases above mentioned. That the said B. C. Pollman did first make a diagnosis of each case for the purpose of determining the particular malady or disease from which said persons were suffering, and did thereafter treat said persons for said diseases above mentioned by kneading, rubbing, pressing, and otherwise manually manipulating the body, limbs, muscles, and nerves, and by flexing and manually manipulating the joints, and so the prosecuting attorney, as aforesaid, doth accuse the said B. C. Pollman of the crime of practicing medicine without a license, all of which is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Washington.

"Dated at Bellingham, in the county of Whatcom, state of Washington, on this 22nd day of November, 1907."

After arraignment the appellant demurred to the information on the ground that it did not state facts sufficient to constitute a crime. The demurrer was overruled, whereupon the appellant elected to stand and abide by his demurrer, and prayed the judgment of the court at that time. The court thereupon adjudged him guilty of practicing medicine without a license, and sentenced him to pay a fine. This appeal is from the judgment so pronounced.

The statute regulating the practice of medicine in this state provides, among other things, that before any person

shall be entitled to practice medicine he shall procure from the board of examiners created by a statute a license so to do, which license shall be filed in the office of the county where the practitioner resides. Section 8 of the act, as. amended in 1901 (see p. 50), reads as follows:

"Section 8. Any person practicing medicine or surgery or either of its or their branches within this state without first having obtained, and filed the license provided for in this act, or contrary to the provisions of this act, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than fifty dollars nor more than one hundred dollars or by imprisonment in the county jail not less than ten days nor more than ninety days, or by both such fine and imprisonment. In all prosecutions under the provisions of this act, evidence that the defendant has failed to file a license with the county clerk as herein required, shall be *prima facie* evidence that the defendant is not a legally licensed practitioner. And each day of such illegal practice shall be deemed a separate offense under this act. All fines collected under the provisions of this act shall be paid into the state treasury for the use and benefit of the common schools of this state. Any person shall be deemed as practicing within the meaning of this act who shall have and maintain an office or place of business with his or her name and the words physician or surgeon 'Doctor,' 'M. D.' or 'M. B.' in public view, or shall assume or advertise the title of doctor or any title which shall show or shall tend to show that the person assuming or advertising the same is a lawful practitioner of any of the branches of medicine or surgery in such a manner as to convey the impression that he or she is a practitioner of medicine or surgery under the laws of this state; or any person who shall practice medicine or surgery under a false or assumed name, or under cover of the name of some legal practitioner, or personate any legal practitioner or for a fee prescribe or direct, or recommend for the use of any person any drug or medicine for the treatment, care or relief of any wound, fracture or bodily injury, infirmity or disease: *Provided, however,* That this act shall not apply to dentists while confining themselves strictly to dentistry. Justices of the peace and the superior court shall have concurrent jurisdiction of violations of this act and it shall be the duty of the respective county or district attorneys

to prosecute all violations of this act. In cases of appeal to the superior court as hereinbefore provided, it shall be the duty of the prosecuting attorney of the county wherein such appeal shall be tried to represent said board upon said appeal. And in all cases of appeal to the supreme court under the provisions of this act the attorney general shall represent said board upon such appeal."

The appellant contends that a statute prohibiting the "practice of medicine and surgery, or either of its or their branches, within this state without first having obtained and filed" a license, without further definition of the act prohibited would be nugatory for want of certainty, it being impossible to know what acts the legislature intended to include in the phrase, "the practice of medicine and surgery"; and hence that the only thing in the statute cited that can be construed as being prohibited is the maintaining of an office or place of business and advertising as a physician or surgeon as therein described, and that this latter prohibition is not only not within the title of the act, but is in excess of the powers of the legislature, because not a proper subject of police regulation.

Whether the words "practicing medicine or surgery" are sufficiently definitive of the acts intended to be prohibited to enable a court to say that any given state of facts would constitute a crime thereunder, is a question we need not here determine, as we think the remainder of the statute does prohibit acts which the appellant has committed. He has maintained an office and place of business in front of and on the doors of which he has caused his name to be lettered, with the words, "Physician," and "Dr." and has otherwise advertised a title which tended to show that he was a lawful practitioner of medicine and surgery under the laws of the state of Washington, when in fact he was not such a practitioner. It is competent for the legislature to prohibit acts of this kind. Its purpose in so doing is to protect the people against deception. The titles which the statute sets out are those usually associated with practitioners of the regular schools who treat

diseases by the administration of remedies in the nature of drugs and their compounds, rather than with practitioners who treat solely by appeals to divinity, the occult, or by "manually manipulating the limbs, muscles, and nerves, and by flexing and manually manipulating the joints of the body," and it is practitioners of the regular schools rather than the others that the ill and infirm seeking relief usually expect to find when entering a room whose door has lettered upon it the name of a person preceded by the title "Dr." or followed by the letters "M. D." or "Physician and Surgeon."

The appellant, it is true, prefixed to the word "physician" the words "Osteopathic and Magnetic" in one instance, and the word "Drugless" in another; but these do not make the use of the word lawful. The statute is a prohibition against any use of the word in connection with announcements of the profession or business of a person other than practitioners of medicine and surgery who have passed the examination prescribed in the statute and received the license therein provided for, and this prohibition is not evaded by the use of qualifying adjectives prefixed to the prohibited words. The statute also uses the word "doctor" instead of the more common abbreviation "Dr.", but it is equally a prohibition against the use of either. Its purpose being to prevent deception, the courts will give to it that meaning which will most effectually accomplish that purpose.

It is said, however, that the part of the statute here in consideration could not lawfully be enacted under an act entitled "An act to regulate the practice of medicine and surgery in the state of Washington," etc., but we think the title sufficiently broad. To provide who may lawfully call themselves "Doctors," "Physicians," or "Surgeons," is clearly within the title of an act entitled "An act to regulate the practice of medicine and surgery."

The judgment is affirmed.

HADLEY, C. J., RUDKIN, CROW, MOUNT, and DUNBAR, JJ., concur.